# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| **GEORGE P. KELLY,** ) | |
| ) | Case No. 18-14361-amc |
| Debtor. ) | |
| ) | |

## SETTLEMENT AGREEMENT AND RELEASE

Gary F. Seitz, Esquire, the duly appointed and qualified trustee ("Trustee") in this case, through his undersigned counsel, hereby moves (the "Motion") the court for an order pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 approving the Settlement Agreement and Release between the Trustee and George P. Kelly (the "Debtor") attached hereto as Exhibit "A" (the "Agreement"). In support of the Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. On June 29, 2018, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court, which case is pending at Docket No. 18-14361-amc (the "Bankruptcy Case").

5. On June 29, 2018, the Trustee was appointed as trustee for the Estate.

6. On the Petition Date, the Debtor had a valuable, nonexempt beneficial interest in an Irrevocable Trust from the Debtor's mother, whereby the Debtor receives $500.00 per month for the remainder of his life (the "Trust").

7. On the Petition Date, the Debtor was 75 years old.

8. On September 13, 2018, the Trustee filed a Notice of change from No-Asset to Asset Case and Request to Set Bar Date to file Claims.

9. In lieu of the Trustee undertaking efforts to demand and litigate the turnover of the Trust, the Parties have memorialized the resolution of their issues by entering into the Agreement, attached hereto as <u>Exhibit A</u>.

10. Pursuant to the Agreement, the parties agree, *inter alia*, as follows:

   a. In full and complete settlement of the Trust, the Debtor shall pay (or cause to be paid) to the Trustee the sum of $15,000 (the "Settlement Amount" or "Obligation"). The Settlement Amount shall be paid by the Debtor in sixty (60) consecutive, monthly installments of $250.00 each (collectively, the "Settlement Payments" or, individually "Settlement Payment"), to be paid according to the following schedule:

      i. Payment 1: $250.00: the earlier of (a) the time of signing and (b) November 1, 2018;

      ii. Payments 2 through 60: $250.00 on the first day of each consecutive month, commencing on December 1, 2018 and ending with the last payment on October 1, 2023.

   b. A failure to remit any of the Settlement Payments before the Due Dates shall constitute an Event of Default under this Agreement. Upon an Event of Default, the entire outstanding balance of the Obligation will be immediately due and payable to the Trustee at a default interest rate of ten percent (10%). If the Debtor fails to pay the outstanding balance of the Obligation, with interest, before the fifth (5th) day after the Due Date, the Trustee may exercise any and all remedies available under this Agreement, including but not limited to confessing judgment against the Debtor for the full amount of the balance of the Obligation pursuant to Section 6 of the Agreement.

11. The Trustee is satisfied that the Agreement is reasonable and that there is little benefit to be gained in continuing litigation, with all the attendant costs and risks. The Trustee believes that it would be in the best interest of the bankruptcy estate to settle the Parties' issues pursuant to the terms in the Agreement.

## LEGAL ANALYSIS

12. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution

of bankruptcy cases. In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a compromise or settlement by a trustee after notice and a hearing.

13. In applying this rule, a bankruptcy court should approve a settlement if it is fair and equitable and is in the best interest of the estate. In re Cajun Electric Power Cooperative, Inc., 119 F.3d 349, 355 (5th Cir. 1997). To properly make this determination, a bankruptcy judge "must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 356. See also Martin, 91 F.3d at 393.

14. The United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court must consider to approve an Agreement. Specifically, the bankruptcy court must examine: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. Martin, 91 F.3d at 393.

15. In addition to these criteria, courts have scrutinized additional factors. These additional factors include: (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups within the class, (3) the nature and breadth of Agreements to be obtained by the parties to the settlement; and (4) the extent to which the settlement is the product of arm's length bargaining. In re 47-49 Charles Street, Inc., 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Spielfo Gel, 211 B.R. 133, 144 (Bankr. S.D.N.Y. 1997); In re Dow Coming Corp., 198 B.R. 214, 223 (Bankr. E.D. Mich. 1996).

16. The Trustee submits the standards articulated above have been met. The Agreement contemplated herein resolves the issues between the parties and brings needed funds into the estate, without the costs and risks of litigation.

17. For the reasons set forth herein, the Trustee respectfully requests that the Court issue an Order pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 approving the Agreement annexed hereto as Exhibit A.

WHEREFORE, the Trustee respectfully requests the entry of an Order in the form attached hereto and granting such other and further relief as is just and equitable.

Dated: 10/15/2018               GELLERT SCALI BUSENKELL & BROWN, LLC

By: */s/ Holly S. Miller*
Gary F. Seitz, Esquire
Holly S. Miller, Esquire
1628 John F. Kennedy Blvd, Suite 1901
8 Penn Center
Philadelphia, PA 19103
Telephone: (215) 238-0010
Facsimile: (215) 238-0016
Email: gseitz@gsbblaw.com
hsmiller@gsbblaw.com

Counsel to the Chapter 7 Trustee